SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@ sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff
LEANNA PIERCE

# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNA PIERCE, an individual,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; EXPERIAN INFORMATION SERVICES, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC,<br><br>Defendants. | Case No.: '16CV0898 W   KSC<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **FEDERAL FAIR CREDIT REPORTING ACT,**<br>2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br>3. **CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, LEANNA PIERCE, an individual, by and through her attorneys of record, hereby complain and allege as follows:

## INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant EXPERIAN INFORMATION SERVICES, INC. (hereinafter "EXPERIAN"), Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter

1
**Complaint for Damages and Injunctive Relief**

1  "EQUIFAX"), and Defendant TRANS UNION, LLC (hereinafter "TU"), for failing to conduct a reasonable investigation into Plaintiff's disputes of the misinformation upon her consumer credit reports, failing to delete inaccurate information thereupon, and failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of the Plaintiff's consumer credit report, all violations of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA"); and the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

2. Plaintiff also brings this action to challenge the unlawful actions of Defendant WELLS FARGO BANK, N.A. (hereinafter "WF") for furnishing information to the consumer credit reporting agencies that it knew or should have known was not accurate in violation of the California CCRAA, for failing to conduct a reasonable investigation into Plaintiff's dispute over the inaccurate information in violation of the Federal FCRA, and for attempting to collect a debt by submitting false credit reporting information in violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788, et seq.) (hereinafter "RFDCPA").

**JURISDICTION & VENUE**

3. This action arises out of Defendants WF's, TU's, EQUIFAX's, and EXPERIAN's violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

4. The U.S. District Court has supplemental jurisdiction over Plaintiff's state law

1 causes of action, pursuant to 28 U.S.C. § 1367(a).

2   5.   Defendants each regularly conduct business within the County of San Diego, State of California, and therefore personal jurisdiction is established.

4   6.   Because all tortious conduct occurred while Plaintiff resided in the County of San Diego, venue properly lies in this court.

## PARTIES & DEFINITIONS

7.   Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California.

8.   Plaintiff is a natural person, and therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

9.   The causes of action herein partially pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

10.   The causes of action herein also pertain to Plaintiff's "'consumer credit

1   report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

11.  Defendants TU, EXPERIAN, and EQUIFAX are each a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as they regularly engage in, for monetary fees, dues, or on a cooperative nonprofit basis, the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

12.  As it pertains to the California CCRAA and the Federal FCRA, Defendant WF is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

13.  Plaintiff is a natural person, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

4
**Complaint for Damages and Injunctive Relief**

14. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act, since Defendant WF has attempted to collect from Plaintiff payments upon an alleged debt for a student loan, which debt was incurred for Plaintiff to obtain education for personal and household purposes.

15. The credit extended by Defendant WF to Plaintiff constituted a "consumer credit transaction", as that term is defined by California Civil Code § 1788.2(e) of the Rosenthal Act, because funding was provided to Plaintiff for her to obtain education, without payment being required at the time of the transaction, which called for Plaintiff to pay back the loan over time with interest.

16. Because Plaintiff, a natural person, was allegedly obligated to pay money to Defendant WF for a consumer credit transaction, the money allegedly owed was therefore both a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of the Rosenthal Act and a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

17. Defendant WF, in the ordinary course of business, regularly, and on behalf of themselves, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by California Civil Code section 1788.2(b) of the Rosenthal Act.

18. Because Defendant WF engages in "debt collection", Defendant WF is therefore a "debt collector" as that term is defined by California Civil Code section 1788.2(c) of the Rosenthal Act.

5
**Complaint for Damages and Injunctive Relief**

## FACTUAL ALLEGATIONS

19. In October 2015, Plaintiff entered into an agreement with Defendant WF to make monthly payments of $150.00 upon the balance of her student loan, account Number 007000***.

20. Defendant WF agreed not to undertake any collection activity upon the account unless Plaintiff were to default upon the account.

21. Plaintiff has made every monthly payment on time, every month since October 2015 to the present time.

22. However, in March 2016, Plaintiff discovered that Defendant WF had been reporting the account as $190.00 past due with all three major credit reporting agencies.

23. Because Plaintiff has made every monthly payment of $150.00 pursuant to the October 2015 agreement, the report that she is $190.00 past due is not accurate and false and inaccurately reflects her standing of credit-worthiness.

24. By letters dated March 17, 2016, Plaintiff submitted written disputes to Defendants EXPERIAN, EQUIFAX, and TU individually informing them of the following:

> My credit report shows that Wells Fargo Education Financial Services is reporting that I have an outstanding amount past due of $190.00 on account 70000930. However, this is absolutely false. In October of 2015, Wells Fargo agreed to settle my balance on this account for payments of $150.00 per month. Ever since that agreement, I have made every single monthly payment of $150.00 in a timely manner as we have agreed to do in writing. I am therefore, NOT behind in an amount of $190.00 past due.

25. Certified mail return receipts reflect that Defendant EXPERIAN received the written dispute on March 23, 2016; Defendant EQUIFAX received the written dispute on March 21, 2016; and Defendant TU received the written dispute on March 22, 2016.

26. Plaintiff has received confirmation from Defendants EXPERIAN, EQUIFAX, and TU that they each had notified Defendant WF of her written dispute.

27. By correspondence dated April 1, 2016 Defendant EQUIFAX notified Plaintiff that Defendant WF updated the account history in response to Plaintiff's March 17th dispute letter, yet the "amount past due" remains as $190.00.

28. By correspondence dated April 4, 2016 Defendant EXPERIAN notified Plaintiff that Defendant WF updated the account history in response to Plaintiff's March 17th dispute letter, yet the "status" section continues to state "$190.00 past due as of April 2016".

29. By correspondence dated March 31, 2016 Defendant TU notified Plaintiff that Defendant WF updated the account history in response to Plaintiff's March 17th dispute letter, yet the "past due" section remains as $190.00.

30. However, it is false for anyone to claim that Plaintiff's account is past due in the amount of $150.00, as she has made every monthly payment since October 2015 pursuant to her agreement with Defendant WF.

31. Instead, accurately stating that the account is in good standing with $0.00 amount past due would be an accurate reflection of Plaintiffs' creditworthiness.

7
**Complaint for Damages and Injunctive Relief**

32. Plaintiff is therefore informed and believes that all Defendants have failed to conduct a reasonable investigation into her March 17th written disputes, as a simple review of the information provided and of the account in question would confirm that Plaintiff is not "past due $190.00".

33. Plaintiff is also therefore informed and believes that Defendants TU, EXPERIAN, and EQUIFAX have failed to maintain and follow reasonable procedures to ensure maximum possible accuracy of the information being reported about the consumer to whom the information pertains.

34. Moreover, upon information and belief, WF's continued reporting of Plaintiff's account as past due $190.00 is an attempt to pressure Plaintiff into paying more than she is obligated per month.

35. Plaintiff is informed and believe that Defendants' violations were willful, since she clearly identified the inaccurate information being reported and because a simple review of the account in question would confirm she is not past due in any amount.

36. As a result, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep her oppressed and unable to rebuild her credit to move on as a productive consumer, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing her credit reports will see the false information that she is past due $190.00, thereby creating the false impression that she

1  has failed to meet her obligation to pay $150.00 per month as agreed.

## FIRST CAUSE OF ACTION AS TO DEFENDANTS EXPERIAN, EQUIFAX, AND TU
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.16

37. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

38. As the credit reporting agencies, Defendants TU, EXPERIAN, and EQUIFAX have always been required to comply with California Civil Code § 1785.16(a)-(b) of the California CCRA.

39. Plaintiff submitted written disputes to the consumer credit reporting agencies EXPERIAN, EQUIFAX, and TU in March 2016 as to Defendant WF's manner of reporting upon the account and inaccurately reporting her as past due $190.00 on the account whereby she has made every monthly payment as agreed.

40. In response to the March 2016 written disputes, Plaintiff received confirmation from EXPERIAN, EQUIFAX, and TU that they had forwarded the disputes to Defendant WF.

41. However, in April 2016, Plaintiff received correspondence from Defendants TU, EXPERIAN, and EQUIFAX that the account reporting had been updated by Defendant WF, yet on each report the false information remains that she is "past due" $190.00.

42. Therefore, Plaintiff is informed and believes that Defendants TU,

1  EXPERIAN, and EQUIFAX violated California Civil Code § 1785.16(a)-(b) of the
2  California CCRA by failing to conduct a reasonable investigation into the accuracy of
3  the information being disputed by Plaintiff, failed to correct or delete the information,
4  failed to consider all relevant information, and failed to employ and follow reasonable
5  procedures to prevent such inaccurate reporting since Defendants' subsequent reports
6  have maintained the very inaccurate information about which Plaintiff complained.

7      43.    Plaintiff is informed and believes that Defendant TU's, EXPERIAN's, and
8  EQUIFAX's violations were willful, since she clearly identified the inaccurate
9  information being reported and because a simple review of the account in question
10 would confirm she is not past due $190.00.

11     44.    As a result, Plaintiff has suffered embarrassment, anxiety, nervousness,
12 and feelings of despair and frustration over the thought that the entire system of credit
13 exists to keep her oppressed and unable to rebuild her credit to move on as a productive
14 consumer, as well as fear, humiliation, and embarrassment over the thought that
15 potential creditors and anyone else viewing her credit reports will see the false
16 information that she is past due $190.00, thereby creating the false impression that she
17 has failed to meet her obligation to pay $150.00 per month as agreed.

18     **SECOND CAUSE OF ACTION AS TO DEFENDANTS**
    **EXPERIAN, EQUIFAX, AND TU**
19     **FEDERAL FAIR CREDIT REPORTING ACT**
    **15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A); and 1681e(a), (b)**
20

21     45.    Plaintiff repeats, re-alleges, and incorporates by reference all other

paragraphs, as if fully set forth herein.

46. As the credit reporting agencies, Defendants TU, EXPERIAN, and EQUIFAX have always been required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) and 1681e(a) & (b) of the Federal FCRA.

47. Plaintiff submitted written disputes to the consumer credit reporting agencies EXPERIAN, EQUIFAX, and TU in March 2016 as to Defendant WF's manner of reporting upon the account and inaccurately reporting her as past due $190.00 on the account whereby she has made every monthly payment as agreed.

48. In response to the March 2016 written disputes, Plaintiff received confirmation from EXPERIAN, EQUIFAX, and TU that they had forwarded the disputes to Defendant WF.

49. However, in April 2016, Plaintiff received correspondence from Defendants TU, EXPERIAN, and EQUIFAX that the account reporting had been updated by Defendant WF, yet on each report the false information remains that she is "past due" $190.00.

50. Plaintiff is informed and believes that Defendants TU, EXPERIAN, and EQUIFAX violated 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) of the Federal FCRA by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting since Defendants' subsequent reports have maintained the

very inaccurate information about which Plaintiff complained.

51.     Plaintiff is informed and believes that Defendants TU, EXPERIAN, and EQUIFAX violated 15 U.S.C. §§ 1681e(a) & (b) of the Federal FCRA by maintaining the very inaccurate information about which Plaintiff complained, and thereby either does not have or fails to follow reasonable procedures to ensure maximum possible accuracy about the consumer to whom the information pertains.

52.     Plaintiff is informed and believes that Defendant TU's, EXPERIAN's, and EQUIFAX's violations were willful, since she clearly identified the inaccurate information being reported and because a simple cursory review of the account would confirm she is not past due.

53.     As a result, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep her oppressed and unable to rebuild her credit to move on as a productive consumer, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing her credit reports will see the false information that she is past due $190.00, thereby creating the false impression that she has failed to meet her obligation to pay $150.00 per month as agreed.

**THIRD CAUSE OF ACTION AS TO DEFENDANT WF ONLY**
**FEDERAL FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)**

54.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

55. As the furnisher of information to credit reporting agencies, Defendant WF is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA.

56. Plaintiff submitted written disputes to the consumer credit reporting agencies EXPERIAN, EQUIFAX, and TU in March 2016 as to Defendant WF's manner of reporting upon the account and inaccurately reporting her as past due $190.00 on the account whereby she has made every monthly payment as agreed.

57. In response to the March 2016 written disputes, Plaintiff received confirmation from EXPERIAN, EQUIFAX, and TU that they had forwarded the disputes to Defendant WF.

58. However, in April 2016, Plaintiff received correspondence from Defendants TU, EXPERIAN, and EQUIFAX that the account reporting had been updated by Defendant WF, yet on each report the false information remains that she is "past due" $190.00.

59. Therefore, Plaintiff is informed and believes that WF failed to conduct a reasonable investigation of their reporting in response to the March 2016 written disputes, as required by 15 U.S.C. § 1681s-2(b), because the information was clearly not accurate and a simple review of the account history would confirm the inaccuracies.

60. Plaintiff is informed and believes that Defendant WF's violations were willful, since she clearly identified the inaccurate information being reported and

because a simple cursory review of the account would confirm she is not past due.

61.  As a result, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep her oppressed and unable to rebuild her credit to move on as a productive consumer, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing her credit reports will see the false information that she is past due $190.00, thereby creating the false impression that she has failed to meet her obligation to pay $150.00 per month as agreed.

### FOURTH CAUSE OF ACTION AS TO DEFENDANT WF ONLY
### CALIFORNIA CCRAA
### Calif. Civ. Code § 1785.25(a)

62.  Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

63.  As the furnisher of information to credit reporting agencies, Defendant WF is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

64.  Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

1  65. Because Defendant WF has reported upon Plaintiff's consumer credit reports the false information that she is past due $190.00, despite the fact that she has made every monthly payment of $150.00 as agreed between them, Defendant WF has therefore violated Calif. Civ. Code § 1785.25(a) of the California CCRA.

66. Plaintiff is informed and believes that these violations were willful, as Defendant merely had to review its own records to understand the errors of its reporting.

67. As a result, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep her oppressed and unable to rebuild her credit to move on as a productive consumer, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing her credit reports will see the false information that she is past due $190.00, thereby creating the false impression that she has failed to meet her obligation to pay $150.00 per month as agreed.

## THIRD CAUSE OF ACTION
## CALIF. ROSENTHAL ACT
## CALIF. CIV. CODE §§ 1788-1788.32

68. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

69. By reporting the false information upon Plaintiff's consumer credit reports that the account was discharged in bankruptcy and thereafter falsely reporting a false date of payment in April 2015 and a false date of first delinquency of May 2015,

**Complaint for Damages and Injunctive Relief**

1 | Defendant has committed the following violations of the Federal FDCPA:

2 |     a. Uttered false, deceptive, and misleading representations in connection with their attempt to collect a debt in violation of 15 U.S.C. § 1692e of the Federal FDCPA;

    b. Falsely represented the character and legal status of any debt in violation of 15 U.S.C. § 1692e(2) of the Federal FDCPA;

    c. Communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the Federal FDCPA.

70. Plaintiff is informed and believes that these violations were willful, as Defendant merely had to review its own records to understand the errors of its reporting.

71. All of the above violations of the FDCPA are incorporated into the Rosenthal Act via Calif. Civil Code § 1788.17, and are therefore all violations of the Rosenthal Act.

72. As a result of these violations, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep her oppressed and unable to rebuild her credit to move on as a productive consumer, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing her credit reports will see the false information that she is past due $190.00, thereby creating the false impression that she has failed to meet her obligation to pay $150.00 per month as

agreed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against all Defendants individually, and Plaintiff be awarded damages as follows:

1. Actual damages in the amount of $25,000.00, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) of the Federal FCRA, and Calif. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2)(A) of the Calif. CCRAA;

2. Plus, punitive damages in the amount of $5,000.00 per willful violation pursuant to Calif. Civ. Code §1785.31(a)(2)(B) of the Calif. CCRAA;

3. Plus, statutory punitive damages in the amount of $1,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(1)(A) of the Federal FCRA;

4. Plus, punitive damages in the amount of $50,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(2) of the Federal FCRA

5. Injunctive relief to remove the inaccurate derogatory credit reporting information;

6. Plus, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;

7. Plus, an additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to

1 | California Civil Code § 1788.32;

2 |  8. Plus, any reasonable attorney's fees and costs to maintain the instant action pursuant to 15 U.S.C. §§1681n and 1681o of the Federal FCRA, Calif. Civ. Code §§1785.31 of the Calif. CCRAA, and Cal. Civ. Code section 1788.30(c) of the RFDCPA.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                      SEMNAR & HARTMAN, LLP

DATED: 04/14/2016                */s/ Jared M. Hartman, Esq.*
                                        JARED M. HARTMAN, ESQ.
                                        Attorney for Plaintiffs

**Complaint for Damages and Injunctive Relief**